The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Peter C. Kavanaugh presiding. Thank you. Good morning. We'll call 4-22-0782 Sudd Family Ltd. Partnership et al. Appellants v. Otto Baum Co., Inc. et al. Appellees. Would counsel for the appellant please state your name for the record. Christopher Sokin. Thank you. And counsel for the appellate. Will Norman. Thank you. Parties may proceed. Thank you, Your Honor. May it please the court and counsel. Good morning. My name is Christopher Sokin and I represent the appellant Sudd Family Ltd. Partnership. I know the court's preference is not to spend a lot of time delving into the factual or procedural history of these cases. I think this case might be the exception given the length of the factual and procedural history here, particularly because it's important for some of the issues that have come up. So I will try to keep it brief, but I think it's necessary to go through a little bit of the procedural history. This dispute started, I believe, all the way back in 2007 and ultimately reached the courts in 2009 when Otto Baum Co., Inc. filed two cases for foreclosure of mechanics liens against Sudd Family Ltd. Partnership and Methodist. Methodist insurer, title insurer, ATG, was controlling the defense of Methodist at that time. Those cases were litigated for a while and ultimately the trial court ruled in favor of Otto Baum. My client posted a $1.3 million letter of credit and then they appealed as well as Methodist. Now, while the matter was on appeal, Methodist and ATG settled with Otto Baum. They paid Otto Baum $400,000 and entered into a settlement agreement that said after Otto Baum collected all of the money due on the judgments, it would assign the judgments to ATG and Methodist. The case was remanded following the appeal, after which the appellate court ruled that a $469,000 judgment in favor of Commerce Bank against SFLP was reversed. The effect that had was that there was far more money on the letter of credit than there originally would have been needed to satisfy these judgments. And on remand, Otto Baum drew roughly $686,000 from the letter of credit. And then in January of 2017, the matter on remand went back to the trial court for a post-judgment attorney fee petitioned by Otto Baum. And at that time, Otto Baum said there were only $877.40 remaining on the judgment. They were awarded their post-judgment attorney's fees, and my clients heard nothing from them for roughly a month and a half while they waited to see if they collected on the letter of credit for their post-judgment attorney's fees. Having heard nothing, a petition was filed to have the judgments released because Otto Baum was in possession of the letter of credit. While that petition was pending before it could be heard, Otto Baum made a draw on the letter of credit, assigned the judgments, the mechanics liens, the memorandums of judgment, and the letter of credit to ATG, which then drew all the remaining funds on the letter of credit, which was about $194,158. That brings us to the 2017 case, which is what we're here on today. After that occurred, my client filed suit against Otto Baum, ATG, and Methodist, alleging that the judgments were more than fully satisfied prior to the draw by ATG. The defendants answered the complaint. There was a counterclaim that was filed that said my client should be responsible for the settlement and all the legal fees from the 2009 cases. The trial court dismissed those counterclaims, holding that they were barred by res judicata because they weren't brought up in the original litigation. What then occurred was my client filed an amended petition for a lease of judgments, making the same argument that these were satisfied before this draw on the letter of credit occurred. The defendants filed a motion for summary judgment, claiming that the settlement payment was a collateral source. The trial court granted the motion for summary judgment, and it went up on appeal to the 3rd District, and the 3rd District reversed. The 3rd District's findings are critical to what's before the court today. The 3rd District found that the $400,000 settlement payment was not a collateral source. They held that since it was paid by Methodist insurer and Methodist was a defendant, that was a payment that was not a collateral source. It was a payment that directly satisfied the judgment because it was made on behalf of the defendant Methodist. The appellate court held that the judgments were fully satisfied prior to the assignment at some point on or before March 3rd of 2017. They held that the assignment agreement was fictitious and invalid, and they held that ATG had no right to draw on the letter of credit, and that the complaint in the 2017 case that we're here on was reinstated. The defendants filed a petition for leave to appeal. It was denied, and the matter was remanded, and the mandate was issued back in November of 2020. And that brings us to the errors before the court that are here today, because when it was sent back on remand, my client sought leave to file an amended complaint, and leave was granted and amended complaint was filed. The petition for leave stated that the complaint was adding four new counts and adding a damage claim to the quiet title counts, and that none of the other allegations of the complaint were going to be changed in any manner whatsoever. And in fact, until you reach the four new complaints, none of the numbered paragraphs in the amended complaint are different from the original complaint. And the reason that was done is because the defendants answered all of those original counts previously, which is how they managed to file the motion for summary judgment, because they answered all those counts. And your new complaint, did you refer to the earlier complaint? It is, Your Honor. It's the original amended complaint and not the second amended complaint. But did you, in the amended complaint, did you include reference to the earlier complaint or did the amended complaint stand on its own? Well, the amended complaint does stand on its own in the sense that it copy and pasted every single count from the original complaint. And the petition for leave to appeal says that those counts are not being abandoned, they're simply going to be restated in their entirety for the convenience of the court so that it's all inside of one document. But the allegations of the original complaint were never abandoned. They were just copy and pasted into the new document along with the additional four new counts at the end. But the new plating was a superseding plating, correct? It was in the sense that there are four new counts added to it. But our case law holds that unless you are actually, if you have to show some intent to abandon those original counts, and the pleading asking for leave to do this specifically pled that they're not being abandoned. Did we do that for all of the original counts? All of the original counts are repled in their entirety without changes in the amended complaint. Did you specifically in the amended pleading indicate that they were being repled without intent to abandon? I know that the petition seeking leave informed the court that we were not abandoning them, that our intent in asking for leave was merely to copy and paste all of the original counts into this new document with the four new counts. And I understand your honor's point, but I don't think it matters much procedurally if we have a complaint and then a second document that says, okay, we're going to have four separate counts in a different pleading in a different physical document. I don't see how there's a legal difference. If this is a superseding complaint, and the defendants haven't filed an answer to it, why aren't they permitted to file a motion to dismiss? Because they already answered all of those original complaints and they can't have an answer. Going back to my question, Justice Harrison's question, if this is a superseding complaint, essentially you're not referring to it, including by reference necessarily the prior stuff, this complaint stands on its own, doesn't it? And aren't they entitled to then respond appropriately to it? I don't think copy and pasting those complaints so that they're in one centralized document, if they're unchanged, would qualify them as superseding the original counts if they are verbatim copy and pasted. And there's authority that I've cited in my brief that says that if they are copy and pasted from the original complaint, they have not been abandoned. They have been not abandoned and just been reincorporated in a new document. And it would seem to me that it would only be making the clerk's job and the court's job more difficult if I were to say, okay, I want to add four new counts, but I'm going to add them in a separate pleading. So we have one count, we have one document that has the first 30 counts. We have another document that has four more. I see little difference in combining them into one document for ease of reference of the court. I don't think procedurally that that really would entitle them to file a motion to dismiss when they've already answered all of the exact same factual allegations. Well, at best, isn't this a matter left to the trial court's own discretion to decide whether or not it will now entertain a motion to dismiss the new complaint? I don't believe so. I believe the trial court's finding was that it recognized that the law in the state is we can't have an answer on file at the same time that we have a motion to dismiss. It would have been incumbent on the defendants to ask permission to abandon their previous answer to then file the motion to dismiss. Perhaps if they'd filed that, the court would have some discretion to do that. But I don't believe the court had discretion if they don't do that. I think the answer had to stand because it's a lot like the other arguments that we would have here about law of the case. If the facts haven't changed, how are we going to re-argue those facts? Why would they be permitted to answer and admit those facts? And then after the appellate court says, no, you're wrong, you couldn't do this, go back and say, well, we don't want to answer them now. We don't want to admit them now. We want to change everything. After the appellate court had said, no, these are the facts, and then they want to change their answer. It seems procedurally improper to me that they could go ahead and answer. And then later on, with no factual change, there's no change to the facts at the time they want to do this. No change in any fact was noted. It was just that they did not like the ruling they got from the third district. Mr. Sokin, in your second amended complaint and sued second amended complaint, it specifically adopted the slander of title accounts from the previous amended complaint, correct? Correct. But it didn't do that for the other counts that had been pled in the prior amended complaint, did it? Well, it copy and pasted them and then added the incorporation paragraph that the trial court demanded be in there. The reason why the slander of title counts were reincorporated differently is because they were dismissed with prejudice. So in order to not supersede those counts, because they were dismissed with prejudice, they had to be reincorporated in a way that said, no, I am not abandoning them for purposes of appeal, which I believe is a different question than did I copy and paste them all back in there? I did not want to waste the court's time, the trial court's time or opposing counsel's time repleting. I don't know how many slander of title counts there were. There's one for each different cloud on title. There were there were at least a dozen, I think. And I did not want to simply. Bulk up the second amended complaint by putting counts in there that I knew the trial court was going to say they didn't have to answer, but I wanted to ensure that it was clear to the court that I was preserving that issue for appeal. OK, thank you. Just before we move on, if I could ask a question in response to a earlier question from Justice Harris, you indicated that the. I think it was the notice or no, it was the request for leave to file the amended complaint. You seem to indicate there was some type of notice that the count would be adopted. Is that part of your argument? It is justice that if if you read the petition for Lee or the petition for leave to file the amended complaint, I specifically said I am not I am not dropping the original counts. I'm simply copying and pasting them in to the new document so that it's all in one location. And then said these are the only changes that are being made, which were to add the the prayer for relief for damages and to add the four new counts. And then Justice Steinman asked a question about the court ruling on the motion to dismiss. If the court had taken into account the petition and then rules on the motion dismisses the court somehow acquiescing to the adoption. Well, that's a good question. I suppose they are by granting the petition. I don't remember if there was a hearing on the petition at all. I think it was granted by agreement. But the language of the it would have had to acquiesce to that because that was the relief requested was was we're going to take all these counts. We're going to add we're just going to add the four new ones to them. We're not going to change anything else. So at the end of the day, procedurally, I suppose it didn't matter because the court ultimately made me replete them anyway. But I believe that since they've answered those, those answers should have stood and it shouldn't have done that. The real the real issue with the amended complaint, I believe, is the ruling on the slander of title. I believe that's really the bigger question as far as the legal concern here. I called that count a slander of title count. I suppose it's close enough, but not potentially accurate to what we were asking for, which is. The the the judgments were fully satisfied, but the defendants refused to release the memorandums of judgment. And there's an old case called McLaughlin versus First National Bank of Peoria, Illinois. And in that case, they held that a judgment creditor who refuses or neglects to release a judgment of record can be held liable for damages that flow as a result of that. Now, that's an old case, but that is relief that was available in the state. And when the court eventually abolished the practice of Ritz and incorporated these into statutory remedies, the statute states that it was preserving all the relief that was previously available. Mr. Sokin. Yes. Did you raise this argument in the trial court that there is a separate cause of action recognized for the failure to release a satisfied judgment? It never came up, Your Honor, because the trial court's ruling was that the single publication rule barred the issue. The non-existence of this count was not alleged by the defendants. The defendants' response was that all of these counts are barred by the single publication rule, and that because the recordings were made at a time when the judgments were valid, initially after Otto Baum got the judgments prior to the assignment, that therefore there could be no slander of title because the single publication rule would have said that we didn't republish this. Well, so excuse me, but it seems like on appeal, you're recharacterizing the counts as something other than, or attempting to recharacterize these counts as something other than slander of title. How do you do that when the trial court addressed the argument as to whether or not you had adequately pled a cause of action for slander of title? Because the argument that was made in the trial court was about the fact that they refused to release the recorded memorandum of judgment, the judgment lien. Now, I will admit that my count titled that count as slander of title, but as the court knows, the titles of the documents don't matter. It's what the factual allegations are in the count. And the factual allegations that were in the count were that this judgment was fully satisfied and they refused to release it, and my clients should be awarded damages for the failure to release that count. Your point is correct, but our sympathies are with the trial court who's maybe giving some reliance to how you titled this document. Why wouldn't it? It very well could. It might have given some reliance to it, but it shouldn't have because the titles don't matter. And that's the longstanding law in this state is that it has to look at the factual allegations. But I don't think the trial court took that title to matter too much because the argument had nothing to do with, well, there's no relief in this state under this set of facts. The argument was that the single publication rule barred this count. And the issue there is that we can't say that a memorandum of judgment is akin to a newspaper article. If I took out an article or an ad in a newspaper and said, so-and-so owed me money today, and then someone read it six months later, they can't say, oh, well, that person must owe them money because it's six months old. A statutory judgment lien that's recorded in the chain of title tells any person that looks at it, money is still owed on this judgment until it's released and this property is encumbered. And the defendant's argument was, well, that's barred by slander of title. Excuse me, it's barred by the single publication rule. I don't believe the single publication rule applies to this at all. That is what was argued in the trial court because that is how the defendants responded to the complaint. They did not respond and say, hey, there's no cause of action in this state for the facts that you're alleging. That's not what was alleged here. It was we have a defense and it's the single publication rule, which is why we didn't get into whether this count actually exists in Illinois, which would have been a 6-1-5 argument instead of a 6-1-9 argument. Mr. Sokin, if I can interrupt you. We previously talked about how the counts were titled and you talked about what opposing counsel argued in the trial court. But in opposition to the motion to dismiss, what did you argue? I argue that the single publication rule does not apply to a memorandum of judgment because it is fundamentally different than a newspaper article or a one time showing of a play because a memorandum of judgment is a statutorily created document that exists in the chain of title when recorded. And it has a preclusive effect on anyone that wants to buy that property because they have to account for that. It's not as if what defendants argument was, was that the single publication rule bars this because at the time that these were originally recorded by autobomb, not by ATG, they were recorded by autobomb, they were valid memorandums of judgment because at that time the judgments were not satisfied. And that is true. At that time they were not satisfied. But the issue is the single publication rule exists to bar a multiplicity of lawsuits. There's no multiplicity of lawsuits here. There's one lawsuit and it is about the fact that after the judgments were fully satisfied, the defendants refused to release the judgments. That is what the factual allegations were about the counts that were labeled slander of title. Okay. Any other questions from the panel? Very well. Hearing none. Mr. Norman, you may argue. Thank you, Honor, and may it please the court. My name is Will Norman. I represent ATG, OBCI and Methodist, who I'll refer to collectively today as the defendants. I would first like to address a few things that came up in SFLP's argument. I have to agree with Justice Harris that the both the original complaint and the amended complaint were superseded with the exception of the slander of title counts. Now, SFLP has referenced the case they cited that they claim holds they should have been allowed to make us stand on the original answer to the complaint. In that case, American National Bank and Trust v. Chicago actually went the other way. The plaintiff was seeking to prevent the defendants from standing on their answer. But the court was not persuaded by that argument, and it reversed with directions to dismiss the complaint. And to Justice Kavanaugh's question, there was not an express adoption in the petition to amend the pleading. It did say that no other counts would be added or no other counts would be amended, but they did amend some of the quiet title counts to request additional relief. The fact of the matter is that this is a superseded and an operative complaint, and it's withdrawn and abandoned. It ceases to be part of the record. Counsel, I have a question on that. Mr. Oken points out that you never filed a motion to withdraw your answer. Is he correct? Yes, Your Honor, because there was no answer to the amended complaint on file. Well, nonetheless, would it have been a cleaner procedure since you had an answer to the earlier one to withdraw your answer before you moved to dismiss? I have to say I don't think it was necessary, considering that there was no amended complaint on file. And I think it's also important to keep in mind that they then waived dismissal of the amended complaint when they filed the second amended complaint without any adoption of the prior one, except for those slander of title counts. Now, in terms of the 19th century case that they cite for slander of title, I think Justice Harris is correct. That was an argument that they should have made below. I don't think the court should allow them to rewrite their complaint and remake the record and the law on appeal. We did not get into that argument, as counsel said, because that was not an argument that was raised and that was not the cause of action that was pleaded. They pleaded conclusively in each of those counts that the memorandum of judgment slanders their title, and then they prayed for damages. So there was no discussion about refusal to release a judgment. There was no pleading of special damages or malice or anything else. So I would now like the court to consider two important facts overarching this entire case. And the first is that defendants were at all times acting pursuant to lawfully entered judgments. And the second is that SFLP has no damages. And those two facts resolve every single issue in this appeal in favor of the defendants. The gravamen of SFLP's operative complaint is that ATG, OBCI Methodist, should be liable in tort retroactively because the judgments they acted upon were held satisfied for the first time years after the fact. But that theory finds no basis in law or equity. ATG had paid OBCI on behalf of its insured Methodist to settle the 2009 lawsuit that Methodist was embroiled in as a result of buying its property from SFLP. OBCI assigned ATG the judgments and the letter of credit, and ATG then drew on the letter of credit in reliance on those judgments that were affirmed in the first appeal. Three years later, in vacating summary judgment for the defendants, the third district held for the first time that the collateral source rule did not apply to ATG's settlement of payment, which meant that the judgments were satisfied and the assignment was therefore invalid. And that brings us to the second issue. Once the judgments were held satisfied for the first time in this case, OBCI released the liens, and ATG returned all of the money that it had received on the judgments. That restored the status quo ante and should have ended the litigation. But this lawsuit has become more about the litigation itself than anything that has happened outside of the courtroom. After this case was remanded in that second appeal, SFLP twice amended their complaint, and both times defendants moved to dismiss it. In fact, when they moved to amend their complaint, we put them on notice that we were going to move to dismiss. So I would now like to discuss with those key facts in mind why the trial court's dismissal with prejudice should be affirmed. First off, in terms of conversion, the letter of credit required presentation of a judgment as a condition for making the draw, which we had. And that judgment, those judgments, had not yet been held as satisfied. In fact, twice since then, the trial court had held that the judgments were not satisfied. And SFLP doesn't have any damages because the full amount of the draw was returned. Now, I think it's important to note that conversion requires a demand for return of the property and refusal to avoid judicial intervention and to put the defendant in the wrong. But SFLP told the court unequivocally, and I quote, the reason we haven't asked for that money back yet, it's because of the damages that are available for conversion. And that amounts to an admission that they willfully refused to satisfy an element of the claim because they would rather litigate than get their property back. In terms of fraud, a claim for fraud requires a false statement of then existing fact. But ATG's conduct was consistent with efforts to collect on a judgment that had not yet been held satisfied until years later in a two to one decision. But that later decision did not retroactively make the defendant's conduct fraudulent. And once again, SFLP have no damages because the money was returned to them once the judgments were held satisfied. And they cannot sustain a fraud claim because they can never show that they were damaged in reliance on any false statement by the defendants. Now, slander of title. They also have no claim because the original liens were valid when they were recorded and there was no republication of those liens. Their theory of daily passive republication finds no basis in law. In fact, our Supreme Court discussed that in Cialino v. Simon, stating that there was no passive republication for documents that are on file in libraries and open to the public, such as with documents appearing in the public record. And the purpose of that single publication rule makes sense to prevent ungovernable piecemeal liability and an endless tolling of the statute of limitations. Again, in terms of damages, a key element of slander of title is proving special damages resulting from the false publication. But without a false publication, there can be no result in special damages. And similarly, with quiet title, those liens were recorded in furtherance of the original judgments that were affirmed on the first appeal. Once the judgments were held satisfied, the liens were released before SFLP filed successively amended complaints. And they have no damages, certainly because there's no equitable relief for the court to grant. And they have not shown the court any authority for awarding them attorney fees where the trial court could award no equitable relief. And in terms of the UCC warranty, again, a condition for drawing on the letter of credit was presentation of a judgment, which we had. In both the Jupiter-Orington and Brown Air Transfer cases, there was no actionable fraud because the draws on those letters of credit met the terms imposed by their plain language. In Jupiter-Orington, the plaintiff claimed that it would be wrongful and fraudulent to draw on the letter of credit because the drawing certificate would be false. And that's the same argument that SFLP made in the trial court. But the court in Jupiter-Orington held that fraudulently drawing on the letter of credit was insufficient. It had to be fraud in the underlying contract, which was not the case here. Similarly, in Brown Air Transfer v. West States Airlines, the documents in that case conform to the conditions for a draw on the letter of credit. And the defendant there had a colorable right to expect honor of the draw because the claim in the underlying litigation had not yet been adjudicated, as was the case here. And once again, they have no damages because the money was returned to them as soon as the judgments were held satisfied. And they have not shown the court any authority for damages beyond return of the money that was drawn. Mr. Norman, I'd like to ask you about your client's counterclaim for and the court's dismissal of it. Let me rephrase. Was it a matter for the court to determine whether or not your client had prevailed on the breach of warranty claim? And was the dismissal of counterclaim for premature? I do think dismissal of counterclaim for was premature, Your Honor. I think that the correct way to have done that would have been to dismiss the Second Amendment complaint with prejudice, which I think should be affirmed. And then to adjudicate counterclaim for based on who was the prevailing party. So I do think it was premature and should be reversed and remanded for entry of judgment. Did the third district's decision in this case act as a determination as to who was a prevailing party under Section 5 of the UCC? I do not think so, Your Honor. The third district opinion, remember, it held that the assignment was invalid, but that was the last step in the analysis. It first – well, first there was a jurisdictional question, which it answered in the affirmative, and then it analyzed the collateral source rule. And it held that the collateral source rule didn't apply. Obviously, we disagree with that, but that's life. Because the collateral source rule didn't apply, then they found that the judgments were already satisfied. Because the judgments were already satisfied, the assignment was invalid. But it's important to note, I think to your point, Your Honor, that the third district didn't look at any of SFLP's claims. It was confined to analyzing whether the judgments were satisfied and whether summary judgment should have been granted in favor of defendants. If we were to agree with you, what would be the proper procedure on remand? I think, Your Honor, the proper procedure would be to affirm dismissal of the Second Amendment complaint with prejudice and conduct a prove-up to determine the amount of attorney fees under Counterclaim 4 and then enter judgment on that counterclaim. Wouldn't that presuppose that the trial court believed that your client was the prevailing party? Wouldn't that be a required finding before proceeding to a prove-up? Yes, Your Honor, that's right. Determining that we are the prevailing party and assuming that dismissal of the Second Amendment complaint were affirmed, I think it's clear that we would be the prevailing party, certainly if dismissal of the UCC claim were affirmed. And I don't see how it would come out any other way. We would be the prevailing party and be entitled to attorney fees under the statute. Okay, thank you. Thank you, Your Honor. Lastly, in terms of the mechanics liens, defendants showed the court that SFLP was frustrating release of the liens upon which they were suing, and they conceded that fact by not addressing it in their reply. So again, I would just like to reiterate that defendants were at all times acting pursuant to lawfully entered judgments, and SFLP has no damages. Those two facts, once again, resolve every issue in this appeal in favor of defendants, and dismissal with prejudice should be affirmed. Thank you, counsel. Mr. Silcom? Thank you, Your Honor. If I get a $100 judgment that's lawfully entered, and I then go and take $1,000 from someone's bank account, and I turn around and say, well, I had a lawfully entered judgment, well, the answer is no. The argument being made here that, well, we had a lawfully entered judgment, so everything we did after that fact had to be lawful is ridiculous. The assignment agreement that was entered into between Autobahm and ATG was illegal from its inception. The assignment agreement says after Autobahm collects everything that is owed on the judgments, it will assign the judgments to ATG. The idea that this was somehow legal because no court had addressed it has no force of law at all. That agreement is void ab initio because you cannot agree to assign something you don't have. You cannot agree to say, I am going to collect every single dime that I'm owed, and then I'll assign it to you. That is an invalid agreement. There was no hearing before the trial court at any time to say, to review that assignment agreement, because it happened while the matter was on appeal. That assignment agreement was entered while the prior appeal was pending. There was no review by a trial court. They never said to the trial court, oh, hey, can we do this assignment? They just did it, and it was illegal. And for them to now say, well, we were operating under this theory that we had a judgment. Well, Autobahm had a valid judgment, but they had an illegal assignment agreement. The fact that they didn't know it was illegal is no defense. Everyone in this state is charged with knowledge of the law. They're charged with knowing whether their agreements are valid or not. They entered into an illegal agreement. The trial court got the law wrong, and then by the time it got to the appellate court, the appellate court said, you had no right to do this. They're not trying to retroactively make something tortious that was done at the time and was not tortious. It was always tortious. It was always a void assignment. They never had any right to do it. The case, well, the argument that they're making basically says that this court has no reason to exist. Because if they did it and the trial court said they could do it, why would this court even bother reversing anything? Because they would just get away with it so long as the trial court said it was okay. That's clearly not the law in this state, that it was reviewed by the appellate court. The appellate court said, you had no right to do this at all. You had no right to draw on the letter of credit. You had no right to make this assignment. The assignment is fictitious. The assignment is void. The case that they're relying on is this field decision from the 1800s. And I'll confess to the court that it's hard to even understand what the case is holding because of its age. But it seems to me that this is the progeny of the rule that you can't sue a sheriff for executing on a judgment. Because the sheriff is operating under a legally entered judgment. But that's not what we have here. We're not suing a sheriff. We're suing the parties that entered into a void transaction to try to take money that was not owed to them. And this argument that there's no damages, the damages are alleged in the complaint. My client lost the use of hundreds of thousands of dollars of their money for years. They were charged higher interest rates by their lenders. They lost financing on properties because these other major properties that they owned were leaned upon. They owe attorney's fees for years to litigate this to get their quiet title entered. So there are damages pled here. The issue I want to address briefly about counterclaim 4. The problem with counterclaim 4 is that the appellate court has already obviated the allegations in counterclaim 4. Counterclaim 4 alleges that $466,000 was owed after March 3rd of 2017. And the appellate court said it wasn't. It said the judgments were fully satisfied before that. Counterclaim 4 says they had a right to draw on the letter of credit. And the appellate court already said they don't. And counterclaim 4 says that Otto Baum had a right to make the assignment. And the appellate court already said they did not. That is why counterclaim 4 is dismissed. Getting into this issue about who is the prevailing party is a little premature. Because counterclaim 4 cannot stand at all. Because the allegations that are made said we had a right to make this draw on the letter of credit. And the appellate court said no you do not. And the other thing to remember is that that claim, that UCC claim on the draw existed when this case was filed in 2017. This is not a new count that was alleged after the appellate court's opinion. It was made before the appellate court's opinion. So there's no scenario in which we can say that ATG was the prevailing party when my client made that allegation, took the matter on appeal, and got a ruling that said they had no right to make the draw at all. So how can we now be saying well they actually prevailed when the appellate court said no, they lost and they had no right to do this and they've got to give all the money back. Thank you counsel. Any questions from the panel? Mr. Norman, your rebuttal. Yes, your honor. I'd like to say first I think the example of $100 judgment is a drastic oversimplification of what took place here. And that was noted in the dissent on the third district opinion. The fact of the matter is that these were complex relations between multiple parties who had insurance. And it cannot be oversimplified to the point to the example of somebody having a judgment for $100 and collecting $1,000. They said that no court had addressed the settlement agreement, but they had. The trial court addressed the settlement agreement and the collateral source rule and satisfaction of the judgments twice. In granting summary judgment and in holding later the next year that the judgments still weren't satisfied. So I know that they take issue with Field v. Anderson and I admit it's an old case, but it's still good black letter law for the holding that reversal of a judgment does not retroactively impose liability in tort. And they haven't shown the court any authority to the contrary. Now, in terms of their damages, they have no damages. They have pled that they have damages, but they have not shown the court any authority for any of the damages that they claim. Whereas defendants have shown the court conclusively that they have no damages beyond the $194,000, which was returned to them before any of their claims were adjudicated. Now, in terms of the allegations of counterclaim for, they are free to deny those allegations on remand. But the statute is clear and unambiguous, and it's in the imperative that attorney fees shall be awarded to the prevailing party. And that's what Carol v. Community Health Care said. If the language is clear and unambiguous, it must be applied as written. Well, in that regard, counsel, Mr. Sogan indicated that the third district did address the issues that are raised in counterclaim for and ruled against your well made findings that would be contrary to your claim. The counterclaim for what do you say to that? Your Honor, none of those allegations actually need to be proved to obtain the award of statutory attorney fees. It says to the prevailing party, remember, they brought that claim against us. That claim had no merit, and the prevailing party on that claim is entitled to attorney fees. I really think it's as simple as that. So, once again, it would be proper for the court to affirm dismissal of the second amended complaint with prejudice and reverse and remand dismissal of counterclaim for, for adjudication and proof of. Very well. Thank you, counsel. Court will take this matter under advisement, and now it's going to be in recess.